UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER
DISASTER SITE LITIGATION

JEFFREY RAMER AND DEBRA RAMER

                  Plaintiffs,

- against -

A RUSSO WRECKING, ET. AL.,

SEE ATTACHED RIDER,

                  Defendants.

**21 MC 100 (AKH)**

**DOCKET NO.**

**CHECK-OFF ("SHORT FORM")
COMPLAINT
RELATED TO THE
MASTER COMPLAINT**

**PLAINTIFF(S) DEMAND A TRIAL BY JURY**

    By Order of the Honorable Alvin K. Hellerstein, United States District Judge, dated June 22, 2006, ("the Order"), Amended Master Complaints for all Plaintiffs were filed on August 18, 2006.

NOTICE OF ADOPTION

    All headings and paragraphs in the Master Complaint are applicable to and are adopted by the instant Plaintiff(s) as if fully set forth herein in addition to those paragraphs specific to the individual Plaintiff(s), which are listed below. These are marked with an '☑' if applicable to the instant Plaintiff(s), and specific case information is set forth, as needed, below.

    Plaintiffs, JEFFREY RAMER AND DEBRA RAMER, by his/her/their attorneys WORBY GRONER EDELMAN & NAPOLI BERN, LLP, complaining of Defendant(s), respectfully allege:

## I. PARTIES

### A. PLAINTIFF(S)

1.    ☑ Plaintiff, JEFFREY RAMER (hereinafter the "Injured Plaintiff"), is an individual and a citizen of New York residing at 2824 Natta Blvd., Bellmore, NY 11710-.
                                    (OR)
2.    Alternatively, ☐ _____ is the _____ of Decedent _____, and brings this claim in his (her) capacity as of the Estate of _____.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

3. ☑ Plaintiff, Debra Ramer (hereinafter the "Derivative Plaintiff'), is a citizen of New York residing at 2824 Natta Blvd., Bellmore, NY 11710-, and has the following relationship to the Injured Plaintiff:

☑ SPOUSE at all relevant times herein, is and has been lawfully married to Plaintiff JEFFREY RAMER, and brings this derivative action for her (his) loss due to the injuries sustained by her husband (his wife), Plaintiff JEFFREY RAMER.

☐ Parent  ☐ Child  ☐ Other: _____

4. In the period from 9/11/2001 to 10/4/2006 the Injured Plaintiff worked for New York Police Department (NYPD) as a Police Officer at:

*Please be as specific as possible when filling in the following dates and locations*

==================================
☑ **The World Trade Center Site**
Location(s) (*i.e.,* building, quadrant, etc.) _____
_____
From on or about _9/11/2001_ until _10/4/2006_;
Approximately _16_ hours per day; for
Approximately _4_ days total.
==================================
☐ **The New York City Medical Examiner's Office**
From on or about _____ until _____,
Approximately _____ hours per day; for
Approximately _____ days total.
==================================
☐ **The Fresh Kills Landfill**
From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total.
==================================

==================================
☑ **The Barge**
From on or about 9/19/2001 until _9/19/2006_;
Approximately _16_ hours per day; for
Approximately _1_ days total.
==================================
☐ **Other:*** For injured plaintiffs who worked at Non-WTC Site building or location. The injured plaintiff worked at the address/location, for the dates alleged, for the hours per day, for the total days, and for the employer, as specified below:

From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total;
Name and Address of Non-WTC Site Building/Worksite: _____
_____

*Continue this information on a separate sheet of paper if necessary. If more space is needed to specify "Other" locations, please annex a separate sheet of paper with the information.

5. Injured Plaintiff

☑ Was exposed to and breathed noxious fumes on all dates, at the site(s) indicated above;

☑ Was exposed to and inhaled or ingested toxic substances and particulates on all dates at the site(s) indicated above;

☑ Was exposed to and absorbed or touched toxic or caustic substances on all dates at the site(s) indicated above;

☑ Other: Not yet determined._____

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

6. Injured Plaintiff

☑ Has not made a claim to the Victim Compensation Fund. Pursuant to §405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐ Made a claim to the Victim Compensation Fund that was denied. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐ Made a claim to the Victim Compensation Fund, that was subsequently withdrawn by Ground-Zero Plaintiff. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐ Made a claim to the Victim Compensation Fund that was granted. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, Ground Zero-Plaintiff has waived her/his right(s) to pursue any further legal action for the injuries identified in said claim.

***Please read this document carefully.***
***It is very important that you fill out each and every section of this document.***

B. **DEFENDANT(S)**

The following is a list of all Defendant(s) named in the Master Complaint. If checked, all paragraphs pertaining to that Defendant are deemed pleaded herein.

☐ THE CITY OF NEW YORK
  ☐ A Notice of Claim was timely filed and served on _____ and
  ☐ pursuant to General Municipal Law §50-h the CITY held a hearing on _____ (OR)
  ☐ The City has yet to hold a hearing as required by General Municipal Law §50-h
  ☐ More than thirty days have passed and the City has not adjusted the claim
           (OR)
  ☐ An Order to Show Cause application to
  ☐ deem Plaintiff's (Plaintiffs') Notice of Claim timely filed, or in the alternative to grant Plaintiff(s) leave to file a late Notice of Claim *Nunc Pro Tunc* (for leave to file a late Notice of Claim *Nunc Pro Tunc*) has been filed and a determination
      ☐ is pending
      ☐ Granting petition was made on _____
      ☐ Denying petition was made on _____
=====================================
☑ PORT AUTHORITY OF NEW YORK AND NEW JERSEY ["PORT AUTHORITY"]
  ☑ A Notice of Claim was filed and served pursuant to Chapter 179, §7 of The Unconsolidated Laws of the State of New York on 4/12/07
  ☐ More than sixty days have elapsed since the Notice of Claim was filed, (and)
      ☐ the PORT AUTHORITY has adjusted this claim
      ☐ the PORT AUTHORITY has not adjusted this claim.
=====================================
☐ 1 WORLD TRADE CENTER, LLC
☐ 1 WTC HOLDINGS, LLC
☐ 2 WORLD TRADE CENTER, LLC
☐ 2 WTC HOLDINGS, LLC
☐ 4 WORLD TRADE CENTER, LLC
☐ 4 WTC HOLDINGS, LLC
☐ 5 WORLD TRADE CENTER, LLC
☐ 5 WTC HOLDINGS, LLC
☐ 7 WORLD TRADE COMPANY, L.P.

☑ A RUSSO WRECKING
☑ ABM INDUSTRIES, INC.
☑ ABM JANITORIAL NORTHEAST, INC.
☑ AMEC CONSTRUCTION MANAGEMENT, INC.
☑ AMEC EARTH & ENVIRONMENTAL, INC.
☑ ANTHONY CORTESE SPECIALIZED HAULING, LLC, INC.
☑ ATLANTIC HEYDT CORP
☑ BECHTEL ASSOCIATES PROFESSIONAL CORPORATION
☑ BECHTEL CONSTRUCTION, INC.
☑ BECHTEL CORPORATION
☑ BECHTEL ENVIRONMENTAL, INC.
☑ BERKEL & COMPANY, CONTRACTORS, INC.
☑ BIG APPLE WRECKING & CONSTRUCTION CORP
☐ BOVIS LEND LEASE, INC.
☑ BOVIS LEND LEASE LMB, INC.
☑ BREEZE CARTING CORP
☑ BREEZE NATIONAL, INC.
☑ BRER-FOUR TRANSPORTATION CORP.
☑ BURO HAPPOLD CONSULTING ENGINEERS, P.C.
☑ C.B. CONTRACTING CORP
☑ CANRON CONSTRUCTION CORP
☐ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.
☑ CORD CONTRACTING CO., INC
☐ CRAIG TEST BORING COMPANY INC.
☑ DAKOTA DEMO-TECH
☑ DIAMOND POINT EXCAVATING CORP
☑ DIEGO CONSTRUCTION, INC.
☑ DIVERSIFIED CARTING, INC.
☑ DMT ENTERPRISE, INC.
☑ D'ONOFRIO GENERAL CONTRACTORS CORP
☑ EAGLE LEASING & INDUSTRIAL SUPPLY
☑ EAGLE ONE ROOFING CONTRACTORS INC.
☐ EAGLE SCAFFOLDING CO, INC.
☑ EJ DAVIES, INC.
☑ EN-TECH CORP
☐ ET ENVIRONMENTAL
☐ EVANS ENVIRONMENTAL

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

- ☒ EVERGREEN RECYCLING OF CORONA
- ☒ EWELL W. FINLEY, P.C.
- ☒ EXECUTIVE MEDICAL SERVICES, P.C.
- ☐ F&G MECHANICAL, INC.
- ☒ FLEET TRUCKING, INC.
- ☒ FRANCIS A. LEE COMPANY, A CORPORATION
- ☒ FTI TRUCKING
- ☒ GILSANZ MURRAY STEFICEK, LLP
- ☒ GOLDSTEIN ASSOCIATES CONSULTING ENGINEERS, PLLC
- ☒ HALLEN WELDING SERVICE, INC.
- ☒ H.P. ENVIRONMENTAL
- ☒ HUDSON MERIDIAN CONSTRUCTION GROUP, LLC F/K/A MERIDIAN CONSTRUCTION CORP.
- ☒ KOCH SKANSKA INC.
- ☒ LAQUILA CONSTRUCTION INC
- ☒ LASTRADA GENERAL CONTRACTING CORP
- ☒ LESLIE E. ROBERTSON ASSOCIATES CONSULTING ENGINEER P.C.
- ☒ LIBERTY MUTUAL GROUP
- ☒ LOCKWOOD KESSLER & BARTLETT, INC.
- ☒ LUCIUS PITKIN, INC
- ☒ LZA TECH-DIV OF THORTON TOMASETTI
- ☒ MANAFORT BROTHERS, INC.
- ☒ MAZZOCCHI WRECKING, INC.
- ☒ MORETRENCH AMERICAN CORP.
- ☒ MRA ENGINEERING P.C.
- ☒ MUESER RUTLEDGE CONSULTING ENGINEERS
- ☒ NACIREMA INDUSTRIES INCORPORATED
- ☒ NEW YORK CRANE & EQUIPMENT CORP.
- ☒ NICHOLSON CONSTRUCTION COMPANY
- ☒ PETER SCALAMANDRE & SONS, INC.
- ☐ PHILLIPS AND JORDAN, INC.
- ☒ PINNACLE ENVIRONMENTAL CORP
- ☒ PLAZA CONSTRUCTION CORP.
- ☒ PRO SAFETY SERVICES, LLC
- ☒ PT & L CONTRACTING CORP
- ☐ REGIONAL SCAFFOLD & HOISTING CO, INC.
- ☒ ROBER SILMAN ASSOCIATES
- ☒ ROBERT L GEROSA, INC
- ☒ RODAR ENTERPRISES, INC.
- ☒ ROYAL GM INC.
- ☒ SAB TRUCKING INC.
- ☒ SAFEWAY ENVIRONMENTAL CORP
- ☒ SEASONS INDUSTRIAL CONTRACTING
- ☒ SEMCOR EQUIPMENT & MANUFACTURING CORP.
- ☒ SILVERITE CONTRACTING CORPORATION
- ☐ SILVERSTEIN PROPERTIES
- ☐ SILVERSTEIN PROPERTIES, INC.
- ☐ SILVERSTEIN WTC FACILITY MANAGER, LLC
- ☐ SILVERSTEIN WTC, LLC
- ☐ SILVERSTEIN WTC MANAGEMENT CO., LLC
- ☐ SILVERSTEIN WTC PROPERTIES, LLC
- ☐ SILVERSTEIN DEVELOPMENT CORP.
- ☐ SILVERSTEIN WTC PROPERTIES LLC
- ☒ SIMPSON GUMPERTZ & HEGER INC
- ☒ SKIDMORE OWINGS & MERRILL LLP
- ☒ SURVIVAIR
- ☐ TAYLOR RECYCLING FACILITY LLC
- ☒ TISHMAN INTERIORS CORPORATION,
- ☒ TISHMAN SPEYER PROPERTIES,
- ☒ TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN
- ☒ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK
- ☒ THORNTON-TOMASETTI GROUP, INC.
- ☒ TORRETTA TRUCKING, INC
- ☒ TOTAL SAFETY CONSULTING, L.L.C
- ☒ TUCCI EQUIPMENT RENTAL CORP
- ☒ TULLY CONSTRUCTION CO., INC.
- ☐ TULLY ENVIRONMENTAL INC.
- ☐ TULLY INDUSTRIES, INC.
- ☐ TURNER CONSTRUCTION CO.
- ☒ TURNER CONSTRUCTION COMPANY
- ☒ ULTIMATE DEMOLITIONS/CS HAULING
- ☒ VERIZON NEW YORK INC,
- ☒ VOLLMER ASSOCIATES LLP
- ☐ W HARRIS & SONS INC
- ☒ WEEKS MARINE, INC.
- ☒ WEIDLINGER ASSOCIATES, CONSULTING ENGINEERS, P.C.
- ☒ WHITNEY CONTRACTING INC.
- ☒ WOLKOW-BRAKER ROOFING CORP
- ☒ WORLD TRADE CENTER PROPERTIES, LLC
- ☒ WSP CANTOR SEINUK GROUP
- ☒ YANNUZZI & SONS INC
- ☒ YONKERS CONTRACTING COMPANY, INC.
- ☒ YORK HUNTER CONSTRUCTION, LLC
- ☒ ZIEGENFUSS DRILLING, INC.
- ☐ OTHER: _____

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

☐ Non-WTC Site Building Owner
    Name: _____
    Business/Service Address: _____
    Building/Worksite Address: _____
☐ Non-WTC Site Lessee
    Name: _____
    Business/Service Address: _____
    Building/Worksite Address: _____

☐ Non-WTC Site Building Managing Agent
    Name: _____
    Business/Service Address: _____
    Building/Worksite Address: _____

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

## II. JURISDICTION

The Court's jurisdiction over the subject matter of this action is:

☑ Founded upon Federal Question Jurisdiction; specifically; ☑; Air Transport Safety & System Stabilization Act of 2001, (or); ☐ Federal Officers Jurisdiction, (or); ☐ Other (specify): _____; ☐ Contested, but the Court has already determined that it has removal jurisdiction over this action, pursuant to 28 U.S.C. § 1441.

## III   CAUSES OF ACTION

Plaintiff(s) seeks damages against the above named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law:

| | | | |
|---|---|---|---|
| ☑ | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law(s) including §§ 200 and 240 | ☑ | Common Law Negligence, including allegations of Fraud and Misrepresentation |
| ☑ | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law 241(6) | | ☑  Air Quality; <br> ☑  Effectiveness of Mask Provided; <br> ☐  Effectiveness of Other Safety Equipment Provided |
| ☑ | Pursuant to New York General Municipal Law §205-a | | (specify: _____); <br> ☑ Other(specify): <u>Not yet determined.</u> |
| ☑ | Pursuant to New York General Municipal Law §205-e | ☐ | Wrongful Death |
| | | ☑ | Loss of Services/Loss of Consortium for Derivative Plaintiff |
| | | ☑ | Pursuan to 46 U.S.C. § 688 *et seq.*, and 28 U.S.C. § 1333. <br> SEE RIDER |

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

7 of 9

273   14530

**IV   CAUSATION, INJURY AND DAMAGE**

1. As a direct and proximate result of defendant's culpable actions in the rescue and/or recovery and/or construction, renovation, alteration, demolition and all work performed at the premises, the Injured Plaintiff sustained (including, but not limited to) the following injuries:

| | | | |
|---|---|---|---|
| ☐ | Cancer Injury: N/A.<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ | ☐ | Cardiovascular Injury: N/A.<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |
| ☑ | Respiratory Injury: Chronic Cough; Dyspnea; Sinus and/or Nasal Problems; Wheezing<br>Date of onset: 6/20/2006<br>Date physician first connected this injury to WTC work: To be supplied at a later date | ☑ | Fear of Cancer<br>Date of onset: 6/20/2006<br>Date physician first connected this injury to WTC work: To be supplied at a later date |
| ☐ | Digestive Injury: N/A.<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ | ☑ | Other Injury: Chronic Headaches; Skin Rashes, Itches, Fungus, Lesions<br>Date of onset: 6/20/2006<br>Date physician first connected this injury to WTC work: To be supplied at a later date |

*NOTE: The foregoing is NOT an exhaustive list of injuries that may be alleged.*

2. As a direct and proximate result of the injuries identified in paragraph "1", above, the Ground Zero-Plaintiff has in the past suffered and/or will in the future suffer the following compensable damages:

======================================================================
| | | | |
|---|---|---|---|
| ☑ | Pain and suffering | ☑ | Expenses for medical care, treatment, and rehabilitation |
| ☑ | Loss of the enjoyment of life | ☑ | Other:<br>☑ Mental anguish<br>☑ Disability<br>☑ Medical monitoring<br>☑ Other: Not yet determined._____ |
| ☑ | Loss of earnings and/or impairment of earning capacity | | |
| ☑ | Loss of retirement benefits/diminution of retirement benefits | | |

======================================================================

3. ☑   As a direct and proximate result of the injuries described *supra*, the derivative plaintiff(s), if any, have in the past suffered and/or will in the future suffer a loss of the love, society, companionship, services, affection, and support of the plaintiff and such other losses, injuries and damages for which compensation is legally appropriate.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

**WHEREFORE**, plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor and against defendant(s) for damages, costs of suit and such other, further and different relief as may be just and appropriate.

**Plaintiff(s) demands that all issues of fact in this case be tried before a properly empanelled jury.**

Dated: New York, New York
April 25, 2007

        Yours, etc.,

        **Worby, Groner Edelman & Napoli Bern, LLP**
        Attorneys for Plaintiff(s), Jeffrey Ramer and Debra Ramer

By: _____
        Christopher R. LoPalo (CL 6466)
        115 Broadway
        12th Floor
        New York, New York 10006
        Phone: (212) 267-3700

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

RIDER

Jurisdiction is predicated upon 28 U.S.C. §1331, pursuant to 46 U.S.C. § 688, *et seq*, commonly, and hereafter referred to as the *Jones Act*, and under 28 U.S.C. § 1333, General Maritime and Admiralty Jurisdictions of the United States.

Weeks Marine barges are vessels of United States registry and either are or will be within the jurisdiction of this Court during the pendency of this action.

At all material times Weeks Marine was the owner and/or the owner *pro hoc vice*, and/or the bareboat charter of the barges.

At all material times Weeks Marine managed and/or controlled the barge(s).

Plaintiff's injuries occurred due to the negligence and fault of the defendants, their employees, and/or their agents and servants, in that they failed to have adequate and safe procedures for the seamen on the vessel to safely take on, haul, and remove debris, and dredge there was inadequate supervision, training, safety and health equipment and planning of the job.

The conditions, acts and omissions stated above rendered the barges unseaworthy as did the fact that the vessel was not properly designed to take on, haul, transport, and remove hazardous substances.

As a result of defendants' negligence and the unseaworthiness of the barge, plaintiff incurred loss of wages and found, medical expenses, pain and suffering, and will incur future loss of wages and found, medical expenses, pain and suffering.

<u>ATTORNEY VERIFICATION</u>

    CHRISTOPHER R. LOPALO, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury that:

    He is the attorney for the plaintiff(s) in the above-entitled action. That he has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

    The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) herein reside(s) in a county other than the one in which the plaintiff's attorneys maintain their office.

    The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

DATED:    New York, New York
            April 25, 2007

                                          CHRISTOPHER R. LOPALO

Docket No:

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

===============================================================

JEFFREY RAMER (AND WIFE, DEBRA RAMER),

Plaintiff(s)

- against -

A RUSSO WRECKING, ET. AL.,

Defendant(s).

===============================================================

**SUMMONS AND VERIFIED COMPLAINT**

===============================================================

**WORBY GRONER EDELMAN & NAPOLI BERN, LLP**
*Attorneys for:* Plaintiff(s)
*Office and Post Office Address, Telephone*
115 Broadway - 12th Floor
New York, New York 10006
(212) 267-3700

===============================================================

To
Attorney(s) for

===============================================================

Service of a copy of the within
　　　　　　　　　is hereby admitted.

Dated,
　　　_____

Attorney(s) for

===============================================================

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**
　that the within is a (certified) true copy of an
　duly entered in the office of the clerk of the within named court on____ 20__

☐ **NOTICE OF SETTLEMENT**
　that an order _____ of which the within is a true copy
　will be presented for settlement to the HON. _____ one of the
　judges of the
　within named Court, at
　on_____ 20____   at_____M.
　Dated,
　　　　Yours, etc.,
　　　　**WORBY GRONER EDELMAN & NAPOLI BERN, LLP**

===============================================================

273   14530